1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

PURE FISHING, INC.,

                 Plaintiff,

   v.

REDWING TACKLE, LTD.,

                 Defendant.

CASE NO. C12-0393RSM

ORDER ON PLAINTIFF'S MOTION
TO QUASH OR TO TRANSFER

## I. INTRODUCTION

16

17

18

19

20

21

22

23

24

      Plaintiff Pure Fishing, Inc. ("Plaintiff") and defendant Redwing Tackle, LTD. ("Defendant") are embroiled in a trademark infringement dispute pending before the Honorable Joseph A. Anderson, Jr. in the District of South Carolina. As part of that dispute, Defendant issued two subpoenas deposing Ms. Julie C. VanDerZanden and Ms. Lori Ocker as witnesses. *Id.* The subpoenas were issued by this Court because Ms. VanDerZanden and Ms. Ocker reside in Washington State. This matter now comes before the Court upon Plaintiff's Motion to Quash or to Transfer. Dkt. #1. For the reasons set forth below, Plaintiff's alternative motion to defer is GRANTED.

ORDER ON PLAINTIFF'S MOTION TO QUASH OR TO TRANSFER - 1

## II. BACKGROUND

The parties are familiar with the claims and allegations underlying this case, and the Court summarizes them here only in brief. The underlying dispute of this case involves a trademark infringement action between Plaintiff and Defendant. Dkt. ##1, 2.  Plaintiff claims that Defendant's use of the mark SPIDER THREAD and a spider design on fishing line is an infringement of Plaintiff's registered trademark SPIDERWIRE, Reg. No. 2035583, and its registered design of a spider, Reg. No. 1877740. *Id.* Plaintiff also owns and holds a trademark for SPIDER, Reg. No. 2903536. *Id.*

In response to Plaintiff's claims, Defendant asserted a counterclaim for cancellation of Plaintiff's SPIDER trademark based, in part, upon Defendant's allegations that Plaintiff abandoned the SPIDER mark as to all goods in the registration. *Id.* at 3. Defendant also claims that Plaintiff committed fraud on the United States Patent and Trademark Office ("USPTO") by falsely asserting that the SPIDER mark was still in use on fishing rods, reels, and lines when Plaintiff submitted a Declaration of Use and/or Excusable Nonuse of Mark in Commerce Under Section 8 (the "Declaration of Use") on October 4, 2010. *Id.* at 3.

The Declaration of Use was, presumably, filed by Plaintiff in order to show that the SPIDER mark was still in use, and therefore, should not be cancelled. Dkt. #5. The Declaration of Use was prepared and signed by Ms. VanDerZanden who is the Intellectual Property Counsel for Defendant's parent company Jarden Corporation ("Jarden"). Dkt. #1.  Ms. Ocker is a paralegal who assisted Ms. VanDerZanden in the preparation of the Declaration of Use.

Ms. VanDerZanden's and Ms. Ocker's involvement in this case derives from the corporate structure of Plaintiff and its indirect parent company.  Plaintiff Pure Fishing, Inc. is a

subsidiary of Jarden. Jarden is a large consumer products company that also claims K2 Sports ("K2") as a subsidiary. Dkt. #5.  Both Ms. VanDerZanden and Ms. Ocker are located in Seattle, Washington, and work directly for K2. Dkt. #6.  Specifically, Ms. VanDerZanden is the general counsel for K2. However, both Ms. VanDerZanden and Ms. Ocker also have responsibilities supporting Jarden's corporate intellectual property concerns.  In this role, Ms. VanDerZanden is a Vice President in Jarden's legal department and is responsible for the intellectual property concerns of Jarden's subsidiaries including plaintiff Pure Fishing, Inc.  Ms. Ocker has similar responsibilities supporting the legal department and Ms. VanDerZanden.

Defendant seeks to depose Ms. VanDerZanden and Ms. Ocker in order to determine the basis for the submission of the Declaration of Use. Dkt. #5. Defendant claims that the Declaration of Use is factual in nature, therefore, the factual basis for its filing is discoverable. Furthermore, Defendant claims that because Ms. VanDerZanden and Ms. Ocker prepared the Declaration of Use, they alone can provide information as to the basis for its filing and Ms. VanDerZanden's endorsement of the Declaration. *Id.*

Plaintiff motion presents three alternatives to the court. First, Plaintiff seeks to transfer the subpoenas to the District of South Carolina. Dkt. #1. Alternatively, Plaintiff asks the Court to defer its ruling until the District of South Carolina rules on Plaintiff's related motion for protective order.  Finally, if the Court chooses to decide the matter, Plaintiff seeks to quash both subpoenas.

## III. DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 45 governs the issuance and quashing of subpoenas. Specifically, Rule 45(a)(2)(B) requires that a subpoena for a deposition must be issued "from the

1    court for the district where the deposition is to be taken." Fed. R. Civ. P. 45(a)(2)(B).

2    Additionally, Rule 45(c)(3)(A) provides that "the issuing court must quash or modify a subpoena

3    that . . . requires disclosure of privileged or other protected matter, if no exception or waiver

4    applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv).

5           Recently, the Ninth Circuit Court of Appeals examined Rule 45 and determined that only

6    the *issuing* court may quash a subpoena. *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832

7    (9th Cir. 2011). The court explicitly addressed the possibility of transferring motions to quash

8    and held that the "court that issued the subpoena . . . not the court where the underlying action is

9    pending [is the only court that] can entertain a motion to quash or modify a subpoena." *Id.*  The

10   court reasoned that the 1991 amendments to Rule 45 clarified that only the court that issued the

11   subpoena could also quash the subpoena because prior to 1991, "Rule 45(b) provided that 'the

12   court' may quash or modify a subpoena." *Id.* at 831. Therefore, the 1991 amendments' specific

13   reference to the "issuing court" indicated intent to prevent transfer. *Id.*

14          The court also examined and adopted the interpretations of Rule 45 by the Eighth and

15   D.C. Circuits which had adopted similar interpretations of Rule 45 holding that the "issuing

16   court" was the only court authorized to quash a subpoena. *See In re Digital Equip. Corp.*, 949

17   F.2d 228, 231 (8th Cir. 1991) (holding that the South Dakota district court, where the underlying

18   action was pending, did not have jurisdiction to rule on objections to a subpoena issued by the

19   Oregon district court); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (noting that

20   "[s]ubpoenas are [a] process of the issuing court . . . and nothing in the Rules even hints that any

21   other court may be given the power to quash or enforce them" (citations omitted)). Thus, the

22   Ninth Circuit held that "the issuing court, and not the court where the underlying action is

23

24

1    pending, has the authority to consider motions to quash or modify subpoenas under Rule 45."

2    *CMKM Diamonds, Inc.*, 656 F.3d at 832.

3         In *S.E.C. v. CMKM Diamonds, Inc.* the Ninth Circuit relied, in part, on the D.C. Circuit's

4    reasoning and holding in *In re Sealed Case. CMKM Diamonds, Inc.*, 656 F.3d at 832. In *In re*

5    *Sealed Case*, the D.C. Circuit acknowledge that while the court that issued a subpoena must also

6    be the court to quash the same subpoena, nothing in the rules prevents that court from deferring

7    its ruling on a motion to quash until after the court hearing the underlying matter rules on a

8    motion for a protective order. 141 F.3d at 342. Additionally, other courts interpreting *In re*

9    *Sealed Case* acknowledge the ability for a court to stay its action on a motion to quash and

10   instead, defer a ruling pending the trial court's ruling on the motion for protective order. *See In*

11   *re Cutting*, No. 09-75-P-JHR, 2009 WL 1291477, at *1 (D. Me. May 7, 2009) (recognizing the

12   ability to stay action on a motion to quash and to defer action pending the trial court's ruling on a

13   motion for a protective order); *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, No.

14   5:07CV191, 2008 WL 2944671, at *3 (E.D. Tex. July 25, 2008) (recognizing that when "a

15   motion to quash was filed in the issuing court, and a motion for protective order was

16   simultaneously filed in the trial court . . . the issuing court may decide to abstain from ruling on

17   the motion to quash and instead defer to the trial court's ruling on the motion for protective

18   order").

19        Therefore, pursuant to Rule 45(c)(3)(A) and Ninth Circuit precedent this Court may defer

20   but may not transfer an action to quash. If the Court chooses to decide the issue, the Court  must

21   quash a subpoena when the Court finds that answering the subpoena (1) will disclose privileged

22   or protected information, (2) will not invoke an exception or waiver of the privilege, and (3) will

23   not unduly burden the party subject to the subpoena. Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv).

24

**B.  Transfer and Deferment**

In this case both Ms. VanDerZanden and Ms. Ocker are located in Seattle, Washington. Dkt. #6. Therefore, this Court was the proper court from which to issue the subpoenas, Fed. R. Civ. P. 45(a)(2)(B), and is the appropriate court to address a motion to quash the subpoenas, *CMKM Diamonds, Inc.*, 656 F.3d at 832. Because the subpoenas were properly issued by the Court and the Court is bound by Ninth Circuit precedent, Plaintiffs motion to transfer cannot be granted.

However, this Court has the ability to defer action on the motion to quash pending the District of South Carolina's ruling on Plaintiff's motion for protective order. *See In Re Sealed Case*, 141 F.3d at 342; *In re Cutting*, 2009 WL 1291477, at *1; *Ass'n of Am. Physicians & Surgeons, Inc.*, 2008 WL 2944671, at *3 . While the Court cannot transfer the action as occurred in *Heroic ERA, Ltd. v. Evony, LLC*[1], that court's reasoning applies equally well to this case. No. 2:10-CV-02062-MJP, 2011 WL 308468, at *3 (W.D. Wash. Jan. 27, 2011). The court in *Heroic ERA* transferred a motion to quash to the Northern District of California because the Northern District was hearing the underlying issue and was in the best position to determine the underlying discovery dispute. *Id.* Similarly, the District of South Carolina is in the best position to determine discovery disputes between the parties because it is hearing the underlying case and is intimately familiar with the facts and issues of the dispute. Therefore, Plaintiff's motion to defer is granted and Plaintiff's motion to quash is stayed pending resolution by the South Carolina District Court of Plaintiff's motion for protective order.

---

[1] The Court notes that *Heroic ERA, Ltd. v. Evony, LLC*, 2011 WL 308468, at *1, was decided prior to the Ninth Circuit's ruling in *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829.

# IV. CONCLUSION

Having read Defendant's motion, the response and reply thereto, all declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1)  Plaintiff's alternative Motion to Defer (Dkt. #1) is GRANTED.

(2)  Plaintiff is directed to report the instant ruling promptly to the South Carolina District Court and to report promptly to this Court the action taken by the South Carolina District Court on Plaintiff's motion for protective order.

Dated this 4th day of April 2012.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE